UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------------X
Katelyn Cruz,
                Plaintiff,
      -against-                                              **COMPLAINT**
                                                                               **AND JURY DEMAND**
The City Of New York, New York City Police Officers: Genesis Pena,
Gina WilliamsGordon, And Officers John And Jane Doe #1 -10,        25-cv-02659
the names being fictitious and presently unknown, in their individual and
official capacities as employees of the New York City Police Department,
                Defendants.
------------------------------------------------------------------------------------------------X

        The Plaintiff, by her attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York, New York City Police Department, and the above-named City of New York NYPD Police Officers, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff' federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in Kings County, New York, within the confines of the Eastern District of New York.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City of Brooklyn in the County of Kings in the State of New York.

5. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, Defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

10. That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is a 31 year old woman who lives with her mother, and is approximately five feet two inches tall and weighs approximately one hundred pounds.

12. At all relevant times, the named Defendant NYPD Officers committed the false arrest of Plaintiff and were personally involved in and liable for Plaintiff's false arrest, the actions of all defendant officers described in this complaint, and all other claims set forth below.

13. At approximately 1130 AM on 13 February 2024 in the vicinity of Plaintiff's residence, 551 DeKalb Avenue, in Kings County, New York, Defendant NYPD Officers including Defendants Pena, WilliamsGordon, and approximately 6-8 additional uniformed officers entered the location and arrested Plaintiff. Plaintiff complied with the officers and did not resist arrest.

14. Defendants Pena, WilliamsGordon and the other Defendant Officers had Plaintiff handcuffed behind her back and escorted her from inside the residence to the adjacent common hallway.

15. Defendant Officers then pushed Plaintiff face-first up against the hallway wall and proceeded to tighten Plaintiff's handcuffs to the point of causing her pain and suffering.

16. Defendant Officers then threw Plaintiff to the floor face first and proceeded to assault her about the head,

face and body while they held her down, causing Plaintiff to suffer pain, bruising, swelling, redness about the face, head and body.

17. After the assault, Defendant Officers then picked up Plaintiff, dislodging one of her boots, and forced her to walk through the cold ice and snow to the patrol car only wearing one shoe.

18. Defendant Officers then drove Plaintiff to the 79 Precinct.

19. Once Defendant Officers arrived, they escorted Plaintiff out of the vehicle and then assaulted her, punching and kicking her about the body, face and head.

20. Defendant Officers then threw Plaintiff to the ground and continued assaulting her, punching and kicking her about the body, face and head and scraping her face against the ground, causing Plaintiff to suffer additional pain, bruising, swelling, redness about the face, head and body.

21. Defendant Officers then pulled her up off the ground and escorted her inside the precinct.

22. Once inside the precinct, Plaintiff was processed by different NYPD Officers who escorted her to a holding cell where they took photos of her injuries, and instructed her to sign a HIPAA release, which she did. These officers then showed her an audio recording device and instructed her to provide a statement that they informed her they were recording, regarding her assault by defendants. Plaintiff complied.

23. Plaintiff then sat alone in the holding cell for approximately 12 hours, during which time she received no medical attention, phone call, or food.

24. Plaintiff was then transported to Central Booking where she spent the night.

25. While at Central Booking, Plaintiff received no medical attention, phone call, or food.

26. Due to the false statements of Defendant Officers, defendant was falsely charged with numerous crimes, and was then released from custody approximately 36 hours after her arrest, on 14 February 2024 at approximately 11pm.

27. At all times during the events described above, defendant police officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

28. Additional defendant officers who were present witnessed all of the above and failed to intervene and failed to protect Plaintiff in the obviously illegal actions of their fellow officers against Plaintiff.

29. Plaintiff was forced to face the false charges laid against her by Defendant Officers until 18 September 2024, when the case was terminated in her favor and all charges against her were dismissed, under Kings County Docket CR-006302-24KN.

30. During all of the events above described, defendants acted maliciously and with intent to injure Plaintiff.

31. On approximately 5 December 2024 Plaintiff received a letter from the NYPD Internal Affairs Bureau that the incident had been investigated and there was sufficient evidence to prove her complaint and

recommend disciplinary action against the officers involved.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

32. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

33. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

34. Defendants deprived Plaintiff of civil, constitutional and statutory rights and conspired to deprive Plaintiff of such rights and are liable under federal and state law.

35. There is further indication that the actions of the arresting officers in this case were the result of racial profiling.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILITY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

36. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

37. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

38. Moreover the City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, the City has failed to properly train and supervise its employees. Upon information and belief, the individually named defendants herein have been the subject of many prior civilian complaints and prior lawsuits alleging civil rights violations. Though the City of New York has paid hundreds of thousands of dollars in settlements for civil rights actions against defendants, the City has failed to take necessary steps to ensure that these particular officers are not in a position to further violate the civil liberties of civilians. This City has been on notice that these officers are unfit for their present positions, yet continues to employ them, and empower them to violate the civil liberties of people like the Plaintiff.

39. Moreover, when the City was informed of the specific wrongdoing in this incident, it failed to take necessary steps to investigate the incident and to discipline the officers at fault. Defendant Officers have been responsible for numerous prior civil rights violations including false arrests and excessive force. Though it was apparent that this incident represented a gross abuse of power by defendant officers, the City

failed to take necessary steps to investigate this matter and see that the individual officers were disciplined.

40. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

41. For example, the well-documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

42. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under- utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

43. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

44. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused

5

the officers in the present case to violate Plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through Plaintiff's complaints to the City via her criminal defense attorney while her charges were pending, the City has failed to remedy the wrong.

45. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

46. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

47. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

48. Defendants illegally arrested Plaintiff subjecting her to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, and desecration of remains, without probable cause.

49. As a result of the foregoing, Plaintiff has been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

50. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

51. Defendants illegally arrested Plaintiff, subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

52. As a result of the foregoing, Plaintiff has been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff' rights not to be deprived of life, liberty or property without due process of law under the Fourth and

Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

## FIFTH CAUSE OF ACTION
### (DUE PROCESS VIOLATION)
### (EXCESSIVE FORCE)

53. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

54. Defendants unnecessarily and wantonly inflicted pain on Plaintiff maliciously or sadistically to cause harm. As outlined above, defendants, among other bad acts, falsely accused Plaintiff, exhibited signs of racial profiling and racial animosity, built up her fear and anxiety without cause or justification, subjected Plaintiff to unnecessary pain and suffering, subjected Plaintiff to the fear of physical violence while in custody, and caused Plaintiff physical violence.

55. As a result of the foregoing, defendants intentionally put Plaintiff in fear and fright of imminent physical harm and Plaintiff was damaged and suffered pain unnecessarily.

## SIXTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

56. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

57. Defendants, acting with malice, caused a false accusatory instrument to be filed against Plaintiff, initiated a prosecution against her, and did so without probable cause.

58. The criminal proceedings were terminated in Plaintiff's favor..

59. Plaintiff was damaged as a result of the malicious prosecution implemented by the defendants.

## SEVENTH CAUSE OF ACTION
### (DUE PROCESS VIOLATION)
### (CONDITIONS of CONFINEMENT)

60. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

61. Plaintiff was denied food and water at the precinct.

62. Plaintiff was subjected to an improper unreasonable search without justification or cause.

63. Defendants handcuffed Plaintiff forcibly too tightly and for a length of time in violation of her rights, without justification or cause.

64. Upon information and belief, this is an ongoing practice within the confines of the precinct.

65. Plaintiff was damaged and denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to unconstitutional harassment and discrimination.

## EIGHTH CAUSE OF ACTION
### (DENIAL of a FAIR TRIAL)

66. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

67. Defendants' misrepresentations about Plaintiff deprived Plaintiff of liberty.

68. Thus defendants are liable to Plaintiff under the Sixth Amendment for denying a fair trial.

69. As a result, Plaintiff was damaged and suffered the injuries as set forth within this complaint.

## NINTH CAUSE OF ACTION
### (CRUEL and UNUSUAL PUNISHMENT)

70. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

71. Plaintiff's physical condition suffered as a result of defendants' actions and conduct, and Plaintiff unnecessarily suffered cruel and unusual punishment.

## TENTH CAUSE OF ACTION
### (CONSPIRACY)

72. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

73. Defendants agreed to violate the Plaintiff's rights in the manner described above. Namely, defendants made an agreement to conspire together to racially profile Plaintiff, and to cover up their false arrest and their violations of Plaintiff's rights.

74. Defendants took action in furtherance of this agreement by conspiring together to falsely charge Plaintiff with the crimes described above, to fabricate a version of events that would justify their false arrest and violations of Plaintiff's rights, and to initiate criminal proceedings against Plaintiff by their misrepresentations about Plaintiff.

## ELEVENTH CAUSE OF ACTION
### (FAILURE TO INTERVENE)

75. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

76. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

77. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

78. As a direct and proximate result of this unlawful conduct, Plaintiff was damaged.

## TWELFTH CAUSE OF ACTION
### (FAILURE TO PROTECT)

79. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

80. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to protect Plaintiff.

81. Defendants were aware of the likelihood of harm to Plaintiff but yet failed to protect her, whether deliberately or negligently. Defendants should have exercised their authority to stop Plaintiff from being

subjected to false arrest and all additional violations described throughout. Defendants were in a position of power and authority over Plaintiff and held Plaintiff's life, liberty, property and livelihood in their hands. Here, defendants are specifically liable for all of the unlawful acts Plaintiff suffered, and had a duty to protect her. Their failure to do so, whether deliberately or negligently, caused Plaintiff's injuries.

### THIRTEENTH CAUSE OF ACTION
(ASSAULT and/or EXCESSIVE FORCE)

82. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

83. That the Court has pendant jurisdiction of this claim.

84. That as a result of the foregoing, defendants intentionally or negligently put Plaintiff in fear and fright of imminent physical harm. By defendants' acts, omissions, negligence, Plaintiff suffered pain unnecessarily.

85. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants.

### FOURTEENTH CAUSE OF ACTION
(BATTERY and/or EXCESSIVE FORCE)

86. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

87. That the Court has pendant jurisdiction of this claim.

88. That as a result of the foregoing, defendants intentionally or negligently battered Plaintiff by their acts, omissions, and negligence.

89. That as a result of the foregoing, Plaintiff suffered pain unnecessarily.

90. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants.

### FIFTEENTH CAUSE OF ACTION
(NEGLIGENCE)

91. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

92. Defendants owed a duty to Plaintiff who was a prisoner in the custody and care of defendants.

93. Defendants breached their duty to Plaintiff.

94. As a result, Plaintiff suffered injuries.

### SIXTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

95. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

96. That as a result of the foregoing, defendants intentionally inflicted emotional distress on Plaintiff and as a result Plaintiff sustained and suffered serious emotional injuries and general and pecuniary damages.

### SEVENTEENTH, EIGHTEENTH, AND NINETEENTH CAUSES OF ACTION
(CONDITIONS OF CONFINEMENT: DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

97. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

98. Plaintiff had serious medical needs and serious injuries as a result of the foregoing.

99. Specifically and distinctly at the scene of Plaintiff's arrest, defendants were deliberately indifferent to Plaintiff's serious medical needs when they refused to call for medical attention at the scene; and their denial and deliberate delaying of medical care caused Plaintiff needless pain and created a risk of additional injury.

100. Specifically and distinctly at the time Plaintiff was placed inside the holding cell at the precinct, defendants were deliberately indifferent to Plaintiff's serious medical needs when they chose to hold her inside a cell instead of providing medical assistance; and their denial and deliberate delaying of medical care caused Plaintiff needless pain and created a risk of additional injury.

### TWENTIETH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

101. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein. Defendants, acting under color of law, violated Plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

102. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Dated: 12 MAY 2025
New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff